IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOHN WHITE, AIS # 148157,       )
                                )
        Plaintiff,              )
                                )
    v.                          )    CASE NO. 2:26-CV-135-WKW
                                )           [WO]
JUDGE GRIFFIN and               )
VICKY TOLES,                    )
                                )
        Defendants.             )

## MEMORANDUM OPINION AND ORDER

### I.  INTRODUCTION

Plaintiff John White, an inmate in the custody of the Alabama Department of Corrections (ADOC), filed a *pro se* complaint under 42 U.S.C. § 1983 against Judge Greg Griffin and Vicky Toles.  (Doc. # 1.)  The complaint is before the court for screening under 28 U.S.C. § 1915A.  After review, Plaintiff's claims must be dismissed prior to service of process pursuant to § 1915A.

### II.  STANDARD OF REVIEW

Because Plaintiff is seeking redress from governmental officers and employees, the complaint is subject to screening under 28 U.S.C. § 1915A.  Section 1915A requires the court to dismiss a complaint, or any part of it, on its own initiative, if the allegations are frivolous, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

§ 1915A(b)(1)–(2).[1]  The procedure required by § 1915A is, by its terms, a screening process, to be applied *sua sponte* and as early as possible in the litigation.  *See* § 1915A(a).

A complaint is subject to dismissal "for both frivolousness and failure to state a claim" if it "lacks even an arguable basis in law."  *Toussaint v. U.S. Attorney's Off.*, 2025 WL 2237376, at *3 (11th Cir. Aug. 6, 2025) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).  A complaint lacks an arguable basis in law when it relies on "an indisputably meritless legal theory."  *Neitzke*, 490 U.S. at 327.  Such claims include those where "it is clear that the defendants are immune from suit and claims of infringement of a legal interest which clearly does not exist."  *Id.* (citation omitted).

*Pro se* pleadings are liberally construed and held "to less stringent standards" than pleadings drafted by attorneys.  *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  However, the allegations still "must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  The court cannot

---

[1] The screening language in § 1915A(b) is nearly identical to the language in 28 U.S.C. § 1915(e)(2)(B).  The Eleventh Circuit applies the same standards when evaluating complaints under both statutes.  *See Hutchinson v. Wexford Health Servs., Inc.*, 638 F. App'x 930, 932 (11th Cir. 2016) (per curiam) (observing that even if the district court had screened the complaint under the wrong statute, the outcome would be the same because the standards under §§ 1915(e)(2)(B) and 1915A(b) are effectively identical).  Therefore, this court applies the Eleventh Circuit's interpretation of § 1915(e)(2)(B) to § 1915A(b).

"rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Escambia Cnty.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

### III. THE COMPLAINT'S ALLEGATIONS

The allegations in the complaint (Doc. # 1) and accompanying attachment (Doc. # 1-1), construed favorably to Plaintiff, set forth the following. On June 23, 2025, Plaintiff was sentenced for theft of property and breaking into a motor vehicle in the Circuit Court of Montgomery County, Alabama. (Doc. # 1-1 at 1.) According to Plaintiff, "[t]he Judge ordered twenty[-]one (21) months and two (2) years on probation time served." Thereafter, on July 3, 2025, Plaintiff was transferred to ADOC. (*Id.*) Plaintiff claims that he was "sent . . . to ADOC[] to do some more time after the Judge gave [him] time served (10 months)" and that this constitutes wrongful imprisonment and cruel and unusual punishment. (Doc. # 1 at 5, 7.) He further contends that he appeared in court again on January 28, 2026, for the court to amend his sentence. At that hearing, Judge Griffin informed him that his "time was served" and that he had given him "time served toward [his] jail credit." (Doc. # 1-1 at 1.) Notwithstanding these pronouncements, Plaintiff "was then sent back to ADOC." (Doc. # 1-1 at 1.)

Plaintiff claims that the state court "is acting in collusion" by keeping in prison and "not following the state guidelines nor calculating over times" and that

it "went well beyond [its] jurisdiction." (*Id.* at 2.) He asserts that the alleged "over time" he is spending in prison has caused him pain and suffering and that he has had to undergo mental health treatment because of it. (Doc. # 1 at 5; Doc. # 1-1 at 1–2.) He requests $250,000 in damages. (Doc. # 1 at 5.)

## IV. DISCUSSION

Plaintiff brings this suit under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

To state a claim under § 1983, a plaintiff must allege two elements. First, he must allege a violation of a right protected by federal laws, and second, he must allege that the violation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *accord Beaubrun v. Dodge State Prison*, 2025 WL 2490396, at *3 (11th Cir. Aug. 29, 2025) (per curiam).

Plaintiff avers that he brings his claims against Defendants under the Eighth and Fourteenth Amendments to the United States Constitution. Specifically, he claims that he has been wrongfully imprisoned and subjected to cruel and unusual punishment.

A.    **Judge Griffin:  Judicial Immunity**

Plaintiff's § 1983 claims against Judge Griffin must be dismissed with prejudice on the basis of absolute judicial immunity.

A state circuit judge is shielded by absolute judicial immunity from monetary-damages lawsuits under 42 U.S.C. § 1983 "for judicial acts performed within the jurisdiction of his court."  *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018); *see also Dykes v. Hosemann*, 776 F.2d 942, 945 (11th Cir. 1985) (per curiam) ("Congress, in enacting section 1983, did not intend to abolish the doctrine of judicial immunity in cases alleging state deprivation of federal constitutional rights.").  Judicial immunity from monetary-damages claims under § 1983 applies when the judge (1) "deal[t] with the plaintiff in his judicial capacity" and (2) did not act in the "clear absence of all jurisdiction."  *Dykes*, 776 F.2d at 945 (cleaned up). A judge acts in the clear absence of all jurisdiction "only if he lacked subject-matter jurisdiction."  *McCullough*, 907 F.3d at 1332.  The Supreme Court's has provided an example illustrating this distinction:

> [I]f a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Stump v. Sparkman*, 435 U.S. 349, 357 n.7 (1978).  Furthermore, absolute judicial immunity applies "regardless of whether [the judge] made a mistake, acted maliciously, or exceeded his authority."  *McCullough*, 907 F.3d at 1331.

The first requirement for judicial immunity is satisfied because Judge Griffin acted in his judicial capacity when he accepted Plaintiff's guilty plea and sentenced him.  The second requirement is met because Alabama circuit courts have subject matter jurisdiction over criminal cases.  *See* Ala. Code § 12-11-30(2) ("The circuit court shall have exclusive original jurisdiction of all felony prosecutions and of misdemeanor or ordinance violations which are lesser included offenses within a felony charge or which arise from the same incident as a felony charge . . . .").  Consequently, the § 1983 claims against Judge Griffin must be dismissed with prejudice based on absolute judicial immunity because he acted within his judicial capacity and jurisdiction at the times alleged by Plaintiff.

Accordingly, the § 1983 claims against Judge Griffin are "based on an indisputably meritless legal theory" and are therefore subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1).  Additionally, the claims include requests for monetary damages from an immune defendant, and thus dismissal of these claims also is required under § 1915A(b)(2).

6

**B.**     **Vicky Toles:  Not a State Actor Under 42 U.S.C. § 1983**

Plaintiff names Vicky Toles as a Defendant in this action but makes no specific allegations against her.  Based upon a review of the records in Plaintiff's state-court proceedings, it appears that Ms. Toles acted as Plaintiff's public defender in the criminal action underlying this 42 U.S.C. § 1983 complaint.  *See State of Alabama v. White*, Case No. CC-2024-154.00 (Montgomery Cnty. Cir. Ct.), ECF No. 118 (appointing Vicky Toles, Esq., to represent Plaintiff in his state-court proceedings).[2]

An essential element of a § 1983 action is that a person acting under color of state law committed the alleged constitutional deprivation.  *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *see also Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001) ("In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law.").  A public defender, like Ms. Toles, "does not act under color of state law when performing a lawyer's traditional functions as

---

[2] The records from Plaintiff's state-court proceedings can be accessed on Alacourt, available at https://v2.alacourt.com/, which provides online access to the State of Alabama's state trial court records.  A federal court may take judicial notice of state court dockets.  *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651–52 (11th Cir. 2020) (per curiam); Fed. R. Evid. 201(b)(2).  The relevant state-court documents are attached to this Memorandum Opinion and Order and are, therefore, part of the record.  *See Paez*, 947 F.3d at 653 (observing that the "best practice would be to include copies of any judicially noticed records as part of the Order that relies upon them, so as to ensure the inmate receives them").  The order appointing Ms. Toles as counsel is attached. *See* Court's Exhibit A.

counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *accord Pearson v. Myles*, 189 F. App'x 865, 866 (11th Cir. 2006) (per curiam).

Although Plaintiff names Ms. Toles as a Defendant, he makes no allegations against her in his complaint.  Consequently, as a public defender who appears to have been performing her traditional function as counsel in representing Plaintiff during his criminal proceedings, Ms. Toles is not a proper defendant under § 1983. Accordingly, Plaintiff's claims against Ms. Toles will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.  *See, e.g.*, *Rolle v. Glenn*, 712 F. App'x 897, 899 (11th Cir. 2017) (per curiam) (affirming the district court's *sua sponte* dismissal of the plaintiff's 42 U.S.C. § 1983 claims against public defenders under 28 U.S.C. § 1915A).

## C.    <u>**Futility of Amending the Complaint**</u>

Construing the complaint's allegations favorably to Plaintiff, the court finds that dismissal of the complaint is required for the reasons explained.  Generally, the district court will afford a *pro se* prisoner an opportunity to amend his complaint at least once.  *See Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014).  However, a district court is not required to allow an amendment that would be futile. *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (per curiam) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam)).  An amendment is

8

considered futile, if the complaint, as amended, "would still be properly dismissed." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (citing *Cockrell*, 510 F.3d at 1310). Because Judge Griffin is entitled to absolute judicial immunity and Vicky Toles is not a proper defendant under § 1983, any amendment to the complaint would be futile, and leave to amend will not be granted.

## V.  CONCLUSION

Based on the foregoing, it is ORDERED that Plaintiff's 42 U.S.C. § 1983 claims against Judge Griffin are DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and (b)(2). It is further ORDERED that Plaintiff's 42 U.S.C. § 1983 claims against Vicky Toles are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

Final Judgment will be entered separately.

DONE this 5th day of March, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

9

**COURT'S EXHIBIT A**

ELECTRONICALLY FILED
4/22/2025 1:38 PM
03-CC-2024-000154.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| STATE OF ALABAMA | ) |
| V. | ) Case No.:     CC-2024-000154.00 |
| | ) |
| **WHITE JOHN EDWARDS** | ) |
| Defendant. | ) |

### ORDER

On today's date, the Court appointed **Vicky Toles, Esq**. to represent the Defendant for the above-styled matter.

**DONE this 22nd day of April, 2025.**

/s/ **GREG GRIFFIN**
**CIRCUIT JUDGE**